

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| DAVID ALAN MANNING, | § | |
| Plaintiff, | § | |
| vs. | § | CIVIL ACTION NO. 9:17-1016-MGL |
| | § | |
| NANCY A. BERRYHILL, | § | |
| Acting Commissioner of Social Security, | § | |
| Defendant. | § | |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION
AND AFFIRMING DEFENDANT'S FINAL DECISION DENYING BENEFITS**

This is a Social Security appeal in which Plaintiff David Alan Manning seeks judicial review of the final decision of Defendant Nancy A. Berryhill denying his claims for disability insurance benefits (DIB) and Supplemental Security Income (SSI). The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting Berryhill's final decision denying Manning's DIB and SSI claims be affirmed.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on March 22, 2018, Manning filed his objections on April 18, 2018, and Berryhill filed her reply on May 2, 2018. The Court has reviewed the objections, but holds them to be without merit. Therefore, it will enter judgment accordingly.

This is Manning's second Social Security disability appeal before this Court. As it pertains to this case, Manning filed his application for DIB and SSI on July 1, 2013. He contends his disability, which he alleges commenced on May 22, 2012, is caused by persistent neuropathic pain, incontinence, chronic intractable testicular pain, anxiety, mood disorder due to medical condition, panic attacks, obsessive compulsive disorder, delusional disorder, and catatonic episodes.

Berryhill denied Manning's application initially and upon reconsideration. Manning then requested a hearing before an Administrative Law Judge (ALJ), which the ALJ conducted on November 5, 2015. On December 3, 2015, the ALJ issued a decision denying Manning's claims. The Appeals Council denied Manning's request for review of the ALJ's decision. Manning then filed an action for judicial review with this Court on April 20, 2017.

The Agency has established a five-step sequential evaluation process for determining if a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a). The five steps are: (1) whether the claimant is currently engaging in substantial gainful activity; (2) whether the claimant has a medically determinable severe impairment(s); (3) whether such impairment(s) meets or equals an impairment set forth in the Listings; (4) whether the impairment(s) prevents the claimant from returning to his past relevant work; and, if so, (5) whether the claimant is able to perform other work as it exists in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(I)-(v), 416.920(a)(4)(I)-(v).

Under 28 U.S.C. § 636(b)(1), a district court is required to conduct a de novo review of those portions of the Magistrate Judge's Report to which a specific objection has been made. The Court need not conduct a de novo review, however, "when a party makes general and conclusory objections that do not direct the court to a specific error in the [Magistrate Judge's] proposed

findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982); *see* Fed. R. Civ. P. 72(b).

It is the plaintiff's duty both to produce evidence and prove he is disabled under the Act. *See Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995). Nevertheless, the ALJ is to develop the record and when he "fails in his duty to fully inquire into the issues necessary for adequate development of the record, and such failure is prejudicial to the claimant, the case should be remanded." *Marsh v. Harris*, 632 F.2d 296, 300 (4th Cir. 1980).

It is also the task of the ALJ, not this Court, to make findings of fact and resolve conflicts in the evidence. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). "It is not within the province of this [C]ourt to determine the weight of the evidence; nor is it [the Court's] function to substitute [its] judgment for that of [the defendant] if [the] decision is supported by substantial evidence." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). In other words, the Court "must sustain the ALJ's decision, even if [it] disagree[s] with it, provided the determination is supported by substantial evidence." *Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996). Under the substantial evidence standard, the Court must view the entire record as a whole. *See Steurer v. Bowen*, 815 F.2d , 1249, 1250 (8th Cir. 1987).

Although ALJs must sufficiently explain the reasons for their rulings to allow this Court to provide meaningful review, *Radford v. Colvin*, 734 F.3d 288, 296 (4th Cir. 2013), "the ALJ is not required to address every piece of evidence[;] [instead,] he must . . . build an accurate and logical bridge from the evidence to his conclusion." *Clifford v. Apfel*, 227 F.3d 863, 872 (7th Cir. 2000) (citations omitted). The Court's "general practice, which [it] see[s] no reason to depart from here, is to take a lower tribunal at its word when it declares that it has considered a matter." *Hackett v. Barnhart*, 395 F.3d 1168, 1173 (10th Cir.2005).

"[T]he substantial evidence standard presupposes a zone of choice within which the decisionmakers can go either way, without interference by the courts. An administrative decision

3

is not subject to reversal merely because substantial evidence would have supported an opposite decision." *Clarke v. Bowen*, 843 F.2d 271, 272-73 (8th Cir. 1988) (citations omitted) (internal quotation marks omitted) (alteration omitted). Put differently, if the ALJ's "dispositive factual findings are supported by substantial evidence, they must be affirmed, even in cases where contrary findings of an ALJ might also be so supported." *Kellough v. Heckler*, 785 F.2d 1147, 1149 (4th Cir. 1986).

Manning fails to lodge any specific objections to the Report. Instead, he presents four "points": First, Manning states: "When taken together, substantial evidence does not support the ALJ's rejection of the evidence regarding [his] multiple impairments." Objections 2. Second, according to Manning, "[t]he ALJ erred in failing to specify in her residual functional capacity Plaintiff's need to alternate sitting and standing." Objections 3. Third, Manning contends "[t]he ALJ committed reversible error by according more weight to the opinion of non-examining state agency consultants than to Plaintiff's treating physician." Objections 3. And fourth, Manning argues "[t]he ALJ erred in failing to investigate all possible reasons for Plaintiff's alleged period of noncompliance with prescribed treatment." Objections 4.

None of Manning's points directs the Court to any alleged errors in the Report. Instead, they are nothing more than arguments Manning has already made to the Magistrate Judge. But objections are meant to point to specific alleged errors made by the Magistrate Judge, not to provide a proverbial second bite at the apple to the dissatisfied litigant. Because the Magistrate Judge has already considered and rejected Manning's second, third, and fourth arguments, and the Court agrees with the Magistrate Judge's treatment of those issues, it need not repeat the Magistrate Judge's discussion on those matters here.

Thus, the only issue left for the Court to consider is Manning's first point: "When taken together, substantial evidence does not support the ALJ's rejection of the evidence regarding [his] multiple impairments." Objections 2.

Manning is correct in his statements: "First, the court must consider whether the ALJ analyzed all of the relevant evidence." Objections 6 And "[s]econd, the court must consider whether the ALJ sufficiently explained the rationale for discrediting certain evidence." *Id*. But, that is as far as his argument on his "multiple impairments" point goes. He neither posits in his objection nor in his briefs–Plaintiff's Brief or Plaintiff's Response Brief–which relevant evidence the ALJ purportedly failed to analyze nor which evidence the ALJ allegedly neglected to explain the rationale for discrediting.

Although a disability may result from a number of impairments which, taken separately, might not be disabling but, whose combined effect, taken together, is sufficient to render a claimant unable to engage in substantial activity, *Walker v. Bowen*, 889 F.2d 47, 49 (4th Cir. 1989), Manning fails to identify what Listing(s) he believes his impairments meet or equal, nor does he identify what findings as to the Listing requirements the ALJ made incorrectly or without substantial evidence. As such, he has failed to satisfy his burden with respect to this claim. *See Sullivan v. Zebley*, 493 U.S. 521, 530 (1990) ("For a claimant to show that his impairment matches a Listing, he must show that it meets all of the specified criteria. An impairment that manifests only some of those criteria, no matter how severely, does not qualify.").

In sum, the Court holds there is substantial evidence to support the ALJ's conclusion Manning was not disabled under the Act during the relevant time period and the ALJ's decision is free from reversible legal error. Further, the determination is reasonable.

Thus, after a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Manning's objections, adopts the Report, and incorporates it herein. Therefore, it is the judgment of the Court Berryhill's final decision denying Manning's DIB and SSI claims is **AFFIRMED**.

**IT IS SO ORDERED**.

Signed this 30th day of May, 2018, in Columbia, South Carolina.

                                                s/ Mary Geiger Lewis
                                                MARY GEIGER LEWIS
                                                UNITED STATES DISTRICT JUDGE